## In re HINER et al.

(District Court, W. D. Pennsylvania. August, 1924.)

### No. 11124.

**1. Bankruptcy ⬡⟲269—Sale of real estate will not be set aside for mere inadequacy of price, on exception by creditor.**

A sale of real estate of bankrupt at public auction will not be set aside on objection by a creditor for mere inadequacy of price.

**2. Bankruptcy ⬡⟲261—Description of real estate in advertisement of sale held sufficient.**

It is not necessary, in an advertisement of the sale of real estate of bankrupt, to describe the appurtenances thereto.

**3. Bankruptcy ⚫═261—Sale of real estate held not invalidated by mistake in advertisement as to date of sale.**

A mistake in one of the advertisements of a sale of real estate by a trustee, in stating the date of sale as the 14th, while other advertisements stated the date as the 12th, *held* not to invalidate the sale, where the trustee attended on the 12th and adjourned the sale to the 14th.

In Bankruptcy. In the matter of Eldridge Clark Hiner and Lloyd Holden Hiner, individually and as partners trading as Hiner Bros., bankrupts. On exceptions by the Carnegie Natural Gas Company, a creditor, to sale of certain of bankrupts' real estate. Exceptions dismissed, and sale confirmed.

See, also, 1 F.(2d) 463.

S. M. Smith, of Waynesburg, Pa., for excepting creditor.

Waychoff & Waychoff, of Waynesburg, Pa., for trustee.

SCHOONMAKER, District Judge. This matter came before the court on certificate to review the action of one of the referees in bankruptcy in this district, dismissing certain exceptions to the public sale of a portion of the bankrupt's real estate, which were presented and filed by the Carnegie Natural Gas Company, a creditor of the bankrupt.

The real estate of the bankrupt in this case was offered for sale at public auction, and that involved in the exceptions of the Carnegie Natural Gas Company was bid in by J. H. McKee for $4,100. To the confirmation of this sale to the said McKee, the Carnegie Natural Gas Company are excepting: First, alleging inadequacy of price and offering to purchase the same land for which McKee bid $4,100, and pay therefor the sum of $4,500, and making a tender for this real estate, with the understanding that the appurtenances thereon should include an American gasoline pump, a Monarch water pump, and an electric light plant complete. Further, exception was taken to the inadequacy of the description of the premises in the advertisements, because they were not complete as to the appurtenances which were included in the sale; and also excepting to the sale for the reason that there were conflicting sale dates in the published notices of the sale, the advertisement in the Democrat-Messenger giving the sale date as April 14, 1924, and the Pittsburgh Legal Journal giving notice of sale date of property as April 12, 1924. These exceptions the referee carefully considered, and took testimony with

reference thereto, and came to the conclusion, after considering all the facts and testimony in the case, that the exceptions should be dismissed.

[1] The first two exceptions involve only the question of the inadequacy of price. It has been repeatedly held by the courts that mere inadequacy of price is not sufficient ground for setting aside a judicial sale. It does not appear that this particular creditor was present on the date of sale, nor was there any explanation offered as to why the creditor was not present and did not then make his tender for the property, instead of filing exceptions to confirmation of sale of real estate. Therefore there is nothing in the first two exceptions filed by the Carnegie Natural Gas Company, involving the inadequacy of price at which this real estate was sold, that would lead the court to reverse the referee.

[2] The third exception filed by this company involves the description of the premises offered for sale. We have examined the advertisements and the description of the property contained therein, and are of the opinion that the premises thereon are adequately described. The real estate being sold, it is not necessary, as we view the law, to describe the appurtenances which pertain thereto. In this connection, it may be noted that in the second exception the offer for the real estate in question includes certain gasoline pump, water plant, and electric light plant, which are not specifically mentioned in the real estate sold at public auction, and which neither the trustee in bankruptcy nor the purchaser at public sale considered to be included in the sale, and which items were, as a matter of fact, set out in the appraisement as a part of the bankrupt's personal property. There is nothing to the third exception filed by the Carnegie Natural Gas Company, and it should be dismissed.

[3] The fourth exception calls attention to the manifest error in the sale dates of property as contained in the newspaper advertisements. The printed handbills and the Pittsburgh Legal Journal advertised the sale to take place on April 12, 1924, and the Democrat-Messenger of Waynesburg advertised the sale to take place on April 14, 1924. It appears that the trustee in bankruptcy attended at the place advertised for the sale on Saturday, the 12th of April, 1924, and then and there continued the sale until Monday, the 14th day of April, 1924, so that no one could have been in any way misled or harmed by the mistake in the date of advertisement in the Democrat-Messenger.

We therefore see no reason, on account of this manifest error in the advertisement in this paper, to set aside this sale of real estate and readvertise the same. Giving due consideration to the petition, order of sale, return, exceptions, and testimony, and the opinion of the referee in this matter, we are clearly of the opinion that the exceptions to the confirmation of this sale of real estate should be dismissed, and an order may be entered, dismissing the exceptions and confirming absolutely the referee's order of sale.